P. GANDÍA & CO., APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 522.—Decided July 24, 1922.

RECORD OF TITLE—PARTNERSHIP—DISSOLUTION OF PARTNERSHIP—PREVIOUS REC-ORD.—In accordance with article 221 of the Code of Commerce, a mercantile partnership is dissolved at the termination of the period fixed in its articles unless an extension of the period has been duly made, and a partnership formed between the same partners and in the same terms, stating that they have continued doing business as if the extinguished partnership had lawful existence, shall be considered as a new partnership in whose name it shall be necessary to make a previous record of the properties of the former partnership according to article 20 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. G. Ardín* for the appellant.

The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

By a public deed executed in San Juan before notary Salvador Suau Carbonell on February 7, 1922, Pedro Gandía Skerrett, as the managing partner of P. Gandía & Co., organized on August 4, 1916, and reorganized on October 23, 1917, created in favor of Baldomero Hernández y Santiago a voluntary mortgage on a certain property to secure a loan contracted by the said partnership. It was stated in the mortgage deed that the capacity and power of Gandía to create the mortgage appeared also from deed No. 6 executed before notary Gonzalo Ardín on January 29, 1922.

The mortgage deed having been presented in the registry,

accompanied by other supplementary documents, the regis·
trar endorsed thereon the following decision:

"Record of the foregoing document is denied because the prop-
erty involved is recorded in the name of the old firm of P. Gandía
& Company, which was organized by a deed of August 4, 1916, and
the lien is created by it while there exists a new firm of the same
name organized on January 29, 1922, and the property has not
been recorded.in the name of the latter, nor has it been made the
liquidator of the former, nor has the corresponding record been
asked for; it appearing, besides, from another exhibited deed ex-
ecuted before notary Julio César González on December 22, 1921,
that before the new partnership was organized its three partners
acted in their personal capacities and independently of the partner-
ship with regard to the sale and mortgage of a certain property,
which shows that the first partnership was considered as extinguished,
and that although there now exists a new firm with the capital of
the former, the real properties must be recorded as contributions
in the name of the present firm.   *   *   *"

The appellant has taken the present appeal and prays
for the reversal of that decision. The meaning of the deci·
sion is that the registrar is of the opinion that the property
involved is recorded in the name of a partnership distinct
from the mortgagor partnership, in which case a previous
record is required by article 20 of the Mortgage Law; and
because the new partnership which appears as the successor
of the partnership extinguished by the expiration of its term
does not appear as the liquidator of the old firm.

The original firm of P. Gandía & Company was organized
on August 4, 1916, for a period of five years from the 1st
of August of that year. On October 23, 1917, the said
partnership was reorganized, but without changing its origi··
nal term, which was to expire on July 31, 1921. On January
29, 1922, the same partners organized a new partnership by
a public deed from which we transcribe the following for the
purposes of this appeal:

"That the term for which the firm of P. Gandía & Company was

organized expired on the 31st of July, 1921, since which date the parties hereto have continued the business as if the said partnership had legal existence, and as no deed of extension was duly executed because of an involuntary neglect and no such extension being possible now, the parties hereby organize a new partnership to succeed the partnership extinguished by the expiration of its term, under the same firm name and the same terms and conditions as the former, to wit:    *    *    *    *   ''

As appears from the paragraph quoted, the term of the old firm of P. Gandía & Company expired on July 31, 1921, and therefore it was totally dissolved, in accordance with article 221 of the Code of Commerce, which reads as follows:

''Art. 221.—Associations of any kind whatsoever shall be completely dissolved for the following reasons:

''1. The termination of the period fixed in the articles of association or the conclusion of the enterprise which constitutes its purpose.    *    *    *   ''

The fact that after the expiration of the term the partners continued the business of the firm does not imply that the partnership term had been extended by the tacit consent of the partners after the term had expired.

However, in executing the deed of January 29, 1922, the appellants seem to have had the intention of legalizing their situation, inasmuch as the old firm had continued in business, and thus they thought that it would be possible to establish a solution of continuity between the old firm and the new firm and that both firms could be considered as one. But this is positively incompatible with article 223 of the Code of Commerce which not only prohibits the extension of the terms of mercantile partnerships by the implied or presumed consent of the partners after the expiration of the periods for which they were organized, but also provides that ''if the members desire to continue in partnership they shall draw up new articles, subject to all the formalities prescribed for their establisment, according to the provisions of article 119.''

If, as prescribed by said article 223, the new articles for the organization of a partnership must be subject to all of the formalities required by article 119, it is necessary *a fortiori* to conclude that a new firm has been organized and as such it must be considered, distinct from the old firm because it has been completely dissolved by the expiration of its term; therefore, the registrar was right in requiring the application of article 20 of the Mortgage Law.

The provisions of the Code of Commerce to which we have referred are so clear that it is not necessary to resort to the jurisprudence cited by the registrar for their construction. The most important cases cited by the appellants are *Rodríguez* v. *Registrar,* 22 P. R. R. 730, and *Silva Brothers & Co.* v. *Registrar,* 28 P. R. R. 164. The first only defines the liability imposed upon managing partners who violate articles 223 and 119 of the Code of Commerce by entering into contracts with persons foreign to the com pany, but nothing is said of a situation like the present. Nor is the second case applicable to this. That was not a case of a new firm organized after the dissolution of the first. It was a case of two sole partners of an extinguished firm who sold a property which had been acquired two months before the partnership had formalized its articles in a public deed, and this court ordered that the sale be recorded.

It is not necessary to consider the other grounds stated by the registrar, and for the foregoing reasons the decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.